**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                           Date:  March 27, 2024

Title: JOHN DOE v. YARDI SYSTEMS INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|---|---|
| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   **ORDER GRANTING DEFENDANT RENT GROW'S MOTION TO DISMISS [30] AND HOLDING IN ABEYANCE DEFENDANT YARDI'S MOTION TO DISMISS [28]**

Before the Court are Defendant Yardi Systems Inc.'s ("Yardi") Motion to Dismiss ("Yardi's MTD") (Dkt. 28) and Defendant RentGrow Inc.'s ("RentGrow") Motion to Dismiss ("RentGrow's MTD") (Dkt. 30). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. Having reviewed the briefing submitted by the parties, the Court **GRANTS** Defendant RentGrow's Motion to Dismiss.

**I.      BACKGROUND**

**A.      Facts**

The following facts are taken from Plaintiff John Doe's Complaint (Dkt.1). Plaintiff is formerly a citizen of California who currently resides in Oklahoma. Complaint ¶ 39. Defendant RentGrow, Inc. ("RentGrow") is a consumer reporting agency that sells consumer reports to third parties.  *Id.* ¶¶ 41, 44. RentGrow is incorporated and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                                Date: March 27, 2024

Page 2

headquartered in Massachusetts. *Id.* ¶ 43. RentGrow is a subsidiary of Defendant Yardi Systems Inc. ("Yardi"), a software company "which provides resident screening services to property owners and managers." *Id.* ¶ 45. Yardi is incorporated and headquartered in California. *Id.* ¶ 48. Non-party Cleara, LLC ("Cleara") is a Pennsylvania Corporation with a principal place of business in Hagerstown, MD. *Id.* ¶ 64. Cleara obtains criminal public records from state governments for the purpose of gathering and selling such consumer reporting information. *Id.*

When Plaintiff applied for an apartment in Oklahoma, he was denied after the landlord obtained a tenant screening consumer report from RentGrow which stated that Plaintiff is a sex offender. *Id.* ¶ 1-2. Plaintiff claims that the California Supreme Court determined this sex offender information was unreportable over a decade ago and, thus, the information was inaccurate in 2023 when RentGrow reported it to Plaintiff's prospective landlord. *Id* ¶ 1-3. Further, when Plaintiff disputed the information, RentGrow refused to conduct a reinvestigation unless Plaintiff first completed a proprietary form. *Id.* ¶ 3. This conduct, Plaintiff alleges, violates the Fair Credit Reporting Act ("FCRA"). *Id.* ¶ 5.

### B.       Procedural History

On December 1, 2023, Plaintiff filed his Complaint with this Court (Dkt. 1). On January 29, 2024, Defendant Yardi filed a Motion to Dismiss ("Yardi's MTD") (Dkt. 28). On the same day, Defendant RentGrow filed a Motion to Dismiss ("RentGrow's MTD") (Dkt. 30). On February 16, 2024, Plaintiff filed his Opposition to RentGrow's motion to dismiss ("Opposition to RentGrow") (Dkt. 35). On February 20, 2024, Defendant filed his Opposition to Yardi's motion to dismiss ("Opposition to Yardi") (Dkt. 37). On March 4, 2024, Defendant Yardi filed a Reply in support of its motion to dismiss ("Yardi's Reply") (Dkt. 44). On the same day, Defendant RentGrow filed a Reply in supports of its motion to dismiss ("RentGrow's Reply") (Dkt. 45).

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                                    Date: March 27, 2024

Page 3

be supported by competent proof, *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), and courts may consider evidence presented in affidavits and declarations. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In the absence of an evidentiary hearing or formal discovery, however, "this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Unocal Corp.*, 248 F.3d at 922). Thus, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). All uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in the plaintiff's favor. *Id.*; *Schwarzenegger*, 374 F.3d at 800.

A court may exercise either "general" or "specific" personal jurisdiction over a defendant. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). General jurisdiction exists when a defendant's contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985). A court may also exercise specific jurisdiction over a defendant, which is "based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154–55 (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).

Under Federal Rule of Civil Procedure 4(k)(1)(A), federal district courts have personal jurisdiction over a non-resident defendant that would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A); *see Harris Rutsky*, 328 F.3d at 1129. California's long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the court's jurisdictional analysis under California law and federal due process is the same. *Yahoo!*, 433 F.3d at 1205.

In the Ninth Circuit, a three-part test determines whether specific, personal jurisdiction satisfies due process: (1) the non-resident defendant must purposefully direct

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                    Date: March 27, 2024

Page 4

its activities at the forum, or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id*. at 1205–06 (citing *Schwarzenegger*, 374 F.3d at 802).

### 1.  Purposeful Availment or Purposeful Direction

To satisfy the purposeful availment test under the first prong, a court evaluates whether the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). To determine whether a defendant "purposefully directed" its activities at the forum, the Ninth Circuit asks whether the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)); *see also Calder v. Jones*, 465 U.S. 783, 104 (1984).

The Ninth Circuit has explained that the two tests are similar. "At bottom" both tests "ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Glob. Commodities Trad. Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020).

### 2.  Forum-Related Activities

The second requirement for specific personal jurisdiction is that the claim asserted in the litigation arises out of the defendant's forum related activities. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474 (9th Cir. 1995); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). This requirement is satisfied by either a causal relationship, or by showing "an affiliation between the forum and the underlying controversy." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

### 3.  Reasonableness

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                                    Date: March 27, 2024

                                                                                        Page 5

"If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)); *see also CYBERSitting, LLC v. The People's Republic of China*, 805 F. Supp. 2d 958, 973 (C.D. Cal. 2011). Courts consider seven factors when deciding whether the exercise of jurisdiction is "reasonable": "(1) the burden on the defendant, (2) the existence of an alternative forum, (3) convenient and effective relief for the plaintiffs, (4) the forum state's interest in adjudicating the suit, (5) efficient resolution of the controversy, (6) purposeful interjection, and (7) conflicts with sovereignty." *Lake v. Lake*, 817 F.2d 1416, 1422 (9th Cir. 1987).

## III.    DISCUSSION

Defendant RentGrow moves to dismiss the claims against it for lack of personal jurisdiction, and Defendant Yardi moves to dismiss the claims against it for failure to state a claim. The Court considers each motion in turn.

### 1.    Personal Jurisdiction over Defendant RentGrow

Defendant RentGrow moves to dismiss the claims against it, arguing that this Court lacks personal jurisdiction. *See generally* RentGrow's MTD. In response, Plaintiff argues that "RentGrow is subject to specific jurisdiction in California because it purposefully availed itself of the benefits and protections of California law and because it could reasonably anticipate being haled into court in California." Opposition to RentGrow at 5. As an initial matter, Plaintiff argues that RentGrow has the requisite minimum contacts with California. *Id.* at 9. In support of this assertion, Plaintiff points to the following facts: (1) RentGrow contracts Cleara to obtain California public records; (2) "many current and former Californians and California entities are the subjects and users of RentGrow's consumer reports"; (3) RentGrow purchased its software services from Yardi, a California company; and (4) RentGrow relies on data stored in Yardi facilities in California. *Id.* at 10. These alleged contacts with California, however, are insufficient.

First, RentGrow's actions–contracting Cleara to obtain California public records–are far too attenuated from any contacts with California. By obtaining public records from California, Cleara, not RentGrow, purposefully directed its activities at California. Second, while it is true that many Californians are subjects and users of RentGrow's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                                Date: March 27, 2024

Page 6

reports, this does not show that RentGrow purposefully directed any activities at California in particular. As Plaintiff concedes, "RentGrow offers its consumer reports on a nationwide basis, providing information about individuals who reside in every state," Opposition to RentGrow at 10, and Plaintiff has not pleaded any facts showing that California was specifically targeted by RentGrow. *See generally* Complaint. Lastly, Plaintiff's remaining factual allegations only establish that RentGrow uses a software service it purchased from a California-based entity with California-based servers. However "the physical location of servers cannot confer the necessary contacts between a defendant and a forum for the exercise of personal jurisdiction." *See Dish Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768 FMO (KSX), 2020 WL 6536659, at * 7-* 8 (C.D. Cal. Mar. 16, 2020) (stating that "[w]ere the court to conclude that any user of these networks [(YouTube and GitHub)] expressly aimed his conduct at California, then California's personal jurisdiction would cover internet users whose only contact with California was posting content on YouTube, an impermissibly broad reading of the express aiming requirement") (internal quotations omitted). Thus, RentGrow lacks the requisite minimum contacts with California.

Were the Court to conclude that RentGrow has sufficient contacts with California, Plaintiff's specific personal jurisdiction theory would still fail because Plaintiff has not shown that the claim at hand "arises out of or relates to" RentGrow's contacts with California. *See Yahoo!*, 433 F.3d at 1205-6 (stating that "the claim must be one which arises out of or relates to the defendant's forum-related activities"). Plaintiff concedes that there is no causal connection between RentGrow's activities in California and the underlying FCRA claim. Opposition to RentGrow at 12. Plaintiff, however, argues that the nexus between RentGrow's California activities and the underlying claim meets the lower bar established by the "or relates to" language of the legal standard. *Id.* at 12; *See Ford*, 592 U.S. 351, 362 (holding that "[t]he first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing"). Specifically, Plaintiff argues that his claim "relates to" RentGrow's contacts with California because RentGrow sells consumer reports in California and this case arises from the sale of an inaccurate consumer report in Oklahoma. Opposition to RentGrow at 13. This theory fails as well.

Under Plaintiff's interpretation of *Ford*, in any case arising out of a defendant's business conduct, the defendant would be subject to personal jurisdiction of the forum state's courts, so long as it carries out a similar business in the forum state as it does in the state where the purported injury occurred. Such interpretation diminishes the "real

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                                      Date: March 27, 2024

Page 7

limits" that the "relates to" language incorporates to "adequately protect defendants foreign to a forum." *See Ford*, 592 U.S. at 362. While *Ford* did not define these "real limits," *Ford* warned that its holding "does not mean anything goes." *Id.* As *Ford* stated, the relevant question is "whether there is 'an affiliation between the forum and the underlying controversy.'" *Ford*, 592 U.S. at 362 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). There is no affiliation here between RentGrow's contacts with California and Plaintiff's claim. As RentGrow points out, Silver Creek Apartments in Tulsa, Oklahoma, sent a request for a tenant screening report to RentGrow–located in Massachusetts–which in turn requested that Cleara–located in Maryland–conduct a nationwide search for criminal records and sex offender registry records. RentGrow's Reply at 3-4. Cleara then electronically returned information to RentGrow indicating that Plaintiff was at that time registered as a sex offender in Texas–not California. *Id.* at 4. After RentGrow provided this tenant screening information regarding Plaintiff to Silver Creek Apartments, Plaintiff then disputed his screening report, and that dispute was facilitated by RentGrow's personnel in Massachusetts and Romania. *Id.* at 4. Thus, Plaintiff has failed to show that the claim at hand "arises out of or relates to" RentGrow's contacts with California.

Therefore, the Court lacks personal jurisdiction over Rent Grow. Plaintiff asks the Court to grant him seven days leave to file a motion to transfer venue, instead of dismissing the case. Although district courts may transfer venue sua sponte, it should only do so if "the parties are first given an opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Because the parties have not briefed where they want this case transferred, the Court grants defendants seven days leave to file a motion to transfer venue.

### 2.      Defendant Yardi's Motion to Dismiss

Defendant Yardi moves to dismiss the claims against it for failure to state a claim. Yardi's MTD at 1. The Court holds Yardi's motion in abeyance until the venue transfer motion is decided.

### IV.      Disposition

For the reasons explained above, the Court **GRANTS** Defendant RentGrow's Motion to Dismiss and **GRANTS** Plaintiff seven days leave to move for a transfer of venue. Defendants' opposition to Plaintiff's motion is due 7 days after Plaintiff files.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                    Date: March 27, 2024

Page 8

Plaintiff may reply 3 business days after Defendants file their opposition. All filings may are limited in length to ten pages.

Further, the Court **HOLDS IN ABEYANCE** Yardi's Motion to Dismiss (Dkt. 28) pending resolution of Plaintiff's transfer motion.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu

CIVIL-GEN