JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx							Date: April 30, 2024

Title: John Doe v. Yardi Systems Inc. et al.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   **ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER CASE TO DISTRICT OF MASSACHUSETTS [49] AND DENYING WITHOUT PREJUDICE YARDI'S MOTION TO DISMISS [28]**

Two motions are before the Court: (1) Plaintiff's Motion to Transfer Venue to the District of District of Massachusetts ("Transfer Motion") (dkt. 49) and (2) Defendant Yardi Systems Inc.'s Motion to Dismiss ("Yardi MTD") (dkt. 28). For the reasons explained below, the Court GRANTS the Transfer Motion and DENIES WITHOUT PREJUDICE Yardi's Motion to Dismiss.

## I.   Background

Plaintiff was denied an apartment in Oklahoma after the landlord obtained a tenant screening report from Defendant RentGrow, which stated that Plaintiff was a sex offender. Complaint ("Compl.") (Dkt.1) ¶¶ 1-2. Plaintiff claims that RentGrow's report should not have included this information because the California Supreme Court determined that it was unreportable. *Id.* ¶¶ 1-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx Date: April 30, 2024

Page 2

Plaintiff filed a Fair Credit Reporting Act ("FCRA") complaint against RentGrow and its parent company, Yardi Systems. Both RentGrow and Yardi then moved to dismiss. RentGrow argued that the Court lacked personal jurisdiction, and the Court agreed. In its order granting RentGrow's motion, the Court invited Plaintiff to file a motion to transfer venue. The Court held Yardi's motion, which argued that Plaintiff had not stated a claim against it, in abeyance pending resolution of Plaintiff's motion to transfer.

Plaintiff then filed a motion to transfer the entire case to the District of Massachusetts.[1]

## II. Legal Standard

"For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This final requirement—that the action could have originally been brought in the transferee district—means that the transferee court has subject matter and personal jurisdiction, and that venue is proper there. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278–79 (9th Cir.1979); *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

Once a court determines that the transferee court is a permissible forum, it must make the discretionary call of whether transfer is desirable. In exercising this discretion, courts consider the following factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of witnesses, and (4) the interests of justice. *DeFazio v. Hollister Emp. Share Trust*, 406 F. Supp. 2d 1085, 1089 (E.D. Cal. 2005). The moving party bears the burden to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278–79 (9th Cir.1979); *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

## III. Discussion

### A. Motion to Transfer

---

[1] This motion is fully briefed. *See* Response (dkt. 50); Reply (dkt. 51).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx                                           Date: April 30, 2024

Page 3

Plaintiff moves to transfer this entire case to the District of Massachusetts. RentGrow consents to transfer. Response at 1. This consent is unsurprising, given that RentGrow is a Massachusetts corporation. Yardi, however, wishes to keep the case against it in California, arguing that it is not subject to personal jurisdiction in Massachusetts. The Court first determines that Yardi is subject to general jurisdiction in Massachusetts and then concludes that the transfer factors support transferring the entire case to the District of Massachusetts.

### 1. Personal Jurisdiction over Yardi in Massachusetts

A Massachusetts court may exercise personal jurisdiction over Yardi only if doing so is consistent with Massachusetts law and the federal due process clause. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

#### a. Massachusetts Law

"The requirements of the Massachusetts long-arm statute is similar to—although not necessarily the same as—those imposed by the Due Process Clause." *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015). Application of that statute permits exercise of personal jurisdiction only where "the circumstances of the particular case come within one of the specific subsections of [the Massachusetts long-arm statute]." *Id.* (quoting *Burtner v. Burnham*, 430 N.E.2d 1233, 1235–36 (1982)).

The subsection relevant here is Section 3(a). It provides that "[a] court may exercise personal jurisdiction over a person…as to a cause of action in law or equity arising from the person's…transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a). Massachusetts courts "construe[] the 'transacting any business' language of the statute in a generous manner," and focus on whether the defendant "attempted to participate in the commonwealth's economic life." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992). This standard is not particularly demanding. Courts apply a but-for test, asking whether the plaintiff's harm would have occurred absent the defendant transacting business in the state. *See Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 551 (1994).

Plaintiff's FCRA claim meets that standard. Yardi allegedly developed and supplied the software that produced the report at issue to RentGrow, a Massachusetts company. RentGrow, moreover, uses this software and provides tenant screening services

Case 1:24-cv-11175-IT   Document 54   Filed 04/30/24   Page 4 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx                                    Date: April 30, 2024

Page 4

in the Commonwealth. Thus, without Yardi's Massachusetts-directed conduct, the allegedly inaccurate tenant report would not have been produced.

Accordingly, exercise of personal jurisdiction over RentGrow is consistent with Massachusetts law.

### b. Due Process Clause

The Fourteenth Amendment requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

Only the latter category is relevant here. "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). In almost all instances, the locations where general jurisdiction over a corporation is appropriate are its "place of incorporation" and its "principal place of business." *Id.* at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

One of these "exceptional cases" is where one corporate entity is another's "alter ego." Corporations are generally considered separate legal entities for jurisdictional purposes. *Doe v. Unocal Corp.*, 248 F.3d 915, 925-26. However, the veil separating corporations will be pierced and a subsidiary's contacts will be "imputed" to its parent corporation where the two are "not really separate entities." *See Ranza*, 793 F.3d at 1071-72. Stated differently, a parent company is subject to the general jurisdiction of a state where its subsidiary is incorporated and headquartered if the subsidiary is the parent's alter ego. *See id.*

Here, RentGrow, Yardi's subsidiary, is headquartered and incorporated in Massachusetts and, as such, subject to general jurisdiction there. Therefore, Yardi's amenability to suit in that Commonwealth turns on whether it is RentGrow's alter ego.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx                                        Date: April 30, 2024

Page 5

The alter ego test has two elements: (1) there is "such a unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate entities would result in fraud or injustice." *Id.* at 1073. "Among the factors be considered in applying the doctrine are comingling of funds and other assets of the two entities, the holding out by one entity that it liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004) (quoting *Roman Catholic Archbishop of San Francisco v. Superior Court*, 15 Cal.App.3d 405, 411 (1971)).

Here, the Complaint adequately alleges that RentGrow and Yardi are alter egos. The Complaint alleges, for example, that Yardi provides the software to RentGrow and that Yardi employees work at RentGrow's office. Compl. ¶¶ 48, 55. The two companies also share executives and they use the same data servers. *Id.* ¶¶ 48, 52, 60. Critically, Yardi stated that it was instrumental in creating RentGrow's tenant screening services, which are at issue in this case. Indeed, Yardi states that it "built [RentGrow's] screening functionality and services" so that it fits "seamlessly into the industry-leading Yardi Voyager PHA platform." Ex. 2 to Plaintiff's Opposition (Dkt. 37-2). These allegations suffice, at this stage, to establish that RentGrow and Yardi are alter egos. Consequently, RentGrow's extensive contacts with Massachusetts are imputed to Yardi. Because RentGrow is subject to general jurisdiction in Massachusetts, so is Yardi.

### 2. Transfer Factors

The transfer factors favor transferring the case against Yardi to Massachusetts. "The plaintiff is generally considered master of his complaint and free to decide the forum of his action." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 190 (9th Cir. 1983), *overruled on other grounds by Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027 (9th Cir. 2014). Plaintiff's initial choice was flawed as the Court lacks jurisdiction over one of the defendants. After the Court identified this defect, Plaintiff selected a new venue—Massachusetts. This choice is entitled to substantial deference in the Court's transfer analysis.

Judicial efficiency and the convenience considerations also strongly support consolidating the cases against both Yardi and RentGrow in the same court of competent jurisdiction. The allegations against the two entities significantly overlap. Separating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10118-DOC-JCx                                        Date: April 30, 2024

Page 6

defendants in two courts would prolong the litigation, waste judicial resources, and inconvenience witnesses who may be called to testify at two trials. These results run directly counter to the purpose of joining defendants in one action. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Sup. 2d 1150, 1156 (N.D. Cal. 2011) ("Rule 20(a)(2) is designed to promote judicial economy and trial convenience."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (cleaned up) ("[J]oinder of parties is strongly encouraged."). Moreover, the Court finds that, given the extent of Yardi's contacts with Massachusetts both on its own and through RentGrow, it would not be unfair for Yardi to defend this suit in that forum.

Therefore, the Court finds that transfer of this case to the District of Massachusetts is appropriate.

### B. Yardi's Motion to Dismiss

A transferor court generally does not decide a pending motion on a case's way out the door; instead, the transferee judge should decide any motion outstanding at the time of transfer. *See, e.g.*, *In re Calif. Retail Nat. Gas and Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001); *Viola v. Ahern*, No. C 12–2019 JW (PR), 2012 WL 1595085, at * 1 (N.D. Cal. May 3, 2012). This case, however, presents a unique situation, because, in concluding that transfer was appropriate, the Court also decided the issue at the heart of Yardi's motion to dismiss. In its Rule 12(b)(6) motion, Yardi argued that the Complaint lacked factual allegations sufficient to pierce the corporate veil separating it and RentGrow. *See generally* Yardi MTD. The Court rejected this argument above. A contrary conclusion in the transferee court would likely be precluded by the law of the case doctrine.[2] *See United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) ("The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue."); *Reddy v. MedQuist, Inc.*, 467 Fed. Appx. 647, 648 (9th Cir. 2012) (noting that the doctrine applies to decisions made by a transferor court).

Therefore, Yardi's Motion to Dismiss is denied.

### IV. Disposition

---

[2] Deciding the issue now also prevents re-briefing, which would increase attorneys' fees in a case where fees may quickly outrun any potential recovery for Plaintiff.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-10118-DOC-JCx                               Date: April 30, 2024

                                                                                    Page 7

    For the foregoing reasons, the Court **DENIES** Defendant Yardi's Motion to Dismiss (dkt. 28). Further, the Court **TRANSFERS** this case to the United States District Court for the District of Massachusetts.

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                         Initials of Deputy Clerk: kdu

CIVIL-GEN